# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ROBERT CHAVEZ on behalf of E.C.,

    Plaintiff,

v.                                        No. 11-CV-233 WJ/WPL

ESPAÑOLA PUBLIC SCHOOLS and
BOARD OF EDUCATION OF THE
ESPAÑOLA PUBLIC SCHOOLS,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING
## MOTION TO DISMISS

THIS MATTER comes before the Court on the Board of Education of the Española Public Schools' Motion to Dismiss Plaintiff's Complaint (Doc. 3) and Memorandum in Support (Doc. 4). A hearing was held on this motion on June 29, 2011 at 1:30 p.m. Defendant Board of Education of the Española Public Schools ("District") seeks dismissal of this lawsuit for failure to comply with the applicable statute of limitations. The Court finds that the Plaintiff was not given notice of the relevant statute of limitations as required by federal law. Accordingly, the District's motion to dismiss is denied.

## BACKGROUND

This case involves an application for attorney's fees in connection with Plaintiff's administrative complaint against the District under the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. § 1415(i)(3)(B)(i). On January 5, 2011, the IDEA due process hearing officer entered a final decision on Plaintiff's administrative complaint. Compl. ¶ 9 (Doc. 1). The complaint for attorney's fees in this case was filed on March 16, 2011, or 70 days after

Plaintiff's receipt of the administrative decision. Regulations issued by the Public Education Department ("PED") state that "[a]ny action for attorney fees must be filed within 30 days of the receipt of the last administrative decision." NMAC 6.31.2.13(I)(26)(b). It is undisputed that Plaintiff did not file this action in compliance with PED's regulation.

## DISCUSSION

### I.     Validity of the 30-Day Statute of Limitations

Plaintiff raises numerous challenges to the facial validity of the regulation in question. First, Plaintiff argues that the IDEA does not grant authority to the State or to state educational agencies to pass a statute of limitations applicable to the IDEA's cause of action for attorney's fees. Second, Plaintiff argues that the statute of limitations at issue discriminates against federal causes of action without congressional authority to do so. Third, Plaintiff argues that the New Mexico legislature has not delegated to PED the authority to enact this statute of limitations. Fourth, Plaintiff argues that any such delegation would violate the separation of powers between the state legislative and executive branches. The Court will not reach any of these issues in granting the instant motion, but a short discussion concerning the parties' arguments will be helpful here.

Defendants' reply to all of the above is that even if the regulation in question is struck down, the relevant statute of limitations would still be thirty days. They base this argument on *Wilson v. Garcia*, 471 U.S. 261, 268 (1985), which instructs courts to "borrow" the most analogous statute of limitations from state law whenever there is no applicable statute of limitations. Under *Wilson*'s three-part test, Defendants contend that the most relevant and analogous statute of limitations is the 30-day limitation period set on appeals from the hearing officer's decision. NMAC 6.31.2.13(I)(25)(a); *see also King ex rel. King v. Floyd County Bd. of*

*Educ.*, 228 F.3d 622 (6th Cir. 2000) (adopting this reasoning); *Reed v. Mokena Sch. Dist. No. 159*, 41 F.3d 1153 (7th Cir. 1994) (same).

Yet this Court – specifically, the undersigned judge – has already found that the most analogous state provision is the four-year catch-all statute of limitations found in N.M. Stat. Ann. § 37-1-4. *See* Memorandum Opinion and Order at 3-13, *Teakell v. Clovis Mun. Schs.*, No. 4-cv-50-WJ-RHS (June 24, 2004) (Doc. 17). In doing so, the Court rejected the reasoning underlying *King* and *Reed*, the same reasoning on which Defendants now rely. At the hearing in this case, Defendants intimated that because the statutory scheme has changed since 2004 and some courts have issued more recent decisions adopting the 30-day limit, the policies underlying the *Teakell* opinion no longer apply with equal force. The Court finds no merit to this argument. The policy behind a short statute-of-limitations period recognizes that children change and grow rapidly, and questions about their education must be answered with all possible speed. However, this policy only explains why a 30-day limitations period is necessary to appeal the hearing officer's decision; it does not apply at all in actions for attorney's fees. Whether a lawyer is paid for his or her services post hoc has no bearing on shaping the child's immediate educational needs. Although a four year period is perhaps too long, a 30-day period is much too short and is not justified by the policies articulated by Defendants. Their response to Plaintiff's arguments is therefore inadequate.

This reasoning, however, is not the basis for the Court's decision today. I need not find that the limitations regulation in question is facially invalid, because I find it is invalid as applied in this case, as explained below.

**II.   Notice of the 30-Day Period**

Plaintiff argues that the IDEA requires that parents be noticed of the existence of a statute

3

of limitations on an action for attorney's fees, notice which Plaintiff never received in this case. Specifically, the IDEA provides that a "procedural safeguards notice" be made available to the parents of a child upon initial referral or parental request for evaluation, the first occurrence of the filing of an administrative complaint, and upon request by a parent. 20 U.S.C. § 1415(d)(1)(A). Plaintiffs do not contest that they received such a procedural safeguards notice, but instead attack the sufficiency of the notice in that the 30-day limit to file an action for attorney's fees was not contained in this notice.

The plain text of the IDEA requires the contents of this procedural safeguards notice to include

> a full explanation of the procedural safeguards, written in the native language of the parents (unless it clearly is not feasible to do so) and written in an easily understandable manner, available under this section and under regulations promulgated by the Secretary relating to--
> . . .
> (K) civil actions, including the time period in which to file such actions; and
> (L) attorneys' fees.

*Id.* § 1415(d)(2). The regulation at issue clearly relates to the type of procedural rule of which Congress has directed state educational agencies to notify parents. It is both a regulation relating to "the time period in which to file civil actions" and a regulation relating to "attorneys' fees." Parents are obviously at a material disadvantage if they do not know of the 30-day deadline, which is a very short period of time in which to file a civil lawsuit.

Admittedly, the statute restricts the notice requirement to *federal* procedural hurdles – namely, those procedures safeguards that are available under the IDEA or under "regulations promulgated by the Secretary [of Education]." *Id.* §§ 1415(d)(2), 1401(28). The regulation at issue in this case is not a federal Department of Education regulation, but a state rule. Nonetheless, this textual restriction can be addressed in several ways. First, the Act imposes on

state agencies the responsibility for ensuring that the requirements of the IDEA are met, *id.* § 1412(a)(11)(A)(I), and it is thus a reasonable inference that regulations promulgated under this mandate pertaining to the categories listed in § 1415(d)(2) should also be included in the notice of procedural safeguards that the IDEA requires. This applies with especial force where, as here, the parents have lost a right that the federal statute secures to them because of local regulations. Several other district courts have reached this result. *See, e.g.*, *Natalie M. ex rel. David M. v. Dep't of Educ.*, No. 06-00539 JMS/BMK, 2007 WL 1186835, at *4 (D. Haw. Apr. 18, 2007) (finding that the IDEA requires that parents be noticed of a 90-day statute of limitations contained in local regulations); *Carnwarth v. Bd. of Educ. of Anne Arundel County*, 33 F. Supp. 2d 431, 433 (D. Md. 1998) (a procedural safeguards notice stating that "the hearing will be conducted according to the applicable requirements of federal and state law" is insufficient to fulfill IDEA's notice provision pertaining to the requirements under state law for obtaining reimbursement for private school tuition).

Second, even courts that have adopted a strict construction of the text of § 1415(d)(2), and thereby limited it to federal regulations, have acknowledged that "the underlying policies and spirit of the IDEA may require notice to render a short limitations period consistent with the IDEA." *R.R. ex rel. R. v. Fairfax County Sch. Bd.*, 338 F.3d 325, 330-31 (4th Cir. 2003). Specifically, "[c]ourts adopting very short limitations periods have often imposed notice requirements to make limitations periods borrowed from state law consistent with the IDEA." *Id.* (citing cases adopting a 60-day limit, a 120-day limit, and 30-day limits). Consistent with this line of precedent, the Court now finds that the "underlying policies and sprit of the IDEA" require that parents receive notice of the PED's 30-day statute of limitations for filing actions for attorney's fees before it can be enforced against them.

Defendants, rather than actually responding to the existence of this federal requirement, simply contend that Plaintiff's argument is an "attempt to cast blame for [Plaintiff's] counsels' plain error onto the NMPED." Doc. 15 at 4.[1] Defendants' substantive argument relating to the notice provisions appears to be that because Plaintiff was represented by counsel, the notice requirement should not apply with equal force as compared to parents proceeding pro se. However, there is no support in the text of the statute for hinging the IDEA's notice requirement upon parents' pro se status. In fact, § 1415(d)(2)(L)'s requirement that parents be noticed of procedural safeguards pertaining to "attorneys' fees" would make little sense if the notice requirements applied only if the parents were not represented by counsel, and therefore had no occasion to incur attorney's fees in the first place. Moreover, fee-shifting provisions are enacted to protect the parents themselves, rather than just the attorneys. Very few cases of this nature would be brought in the absence of a fee-shifting provision, because parents in IDEA cases are often indigent and attorneys would find it difficult to make a living bringing IDEA cases. School district defendants are more often than not represented by civil litigation firms with attorneys who specialize in IDEA litigation. Therefore, the fee-shifting provision is an important right on the part of the parents, not merely the parents' lawyers, and it is sound policy that they be

---

[1] This is only one example of the numerous negative characterizations of Plaintiff's arguments in Defendants' reply brief. In fact, Defendants' reply brief contains so many of these attacks and strings of sarcastic rhetorical questions that it tends to ignore the very substantive legal arguments raised by Plaintiff. Moreover, the task of passing on the constitutionality of a regulation, had it been necessary for resolving this case, would have been rendered significantly more difficult when only one party chose to actually brief the constitutional issues in the litigation. Rather than making arguments in support of the constitutionality of the regulation at issue, Defendants have accused Plaintiff and his counsel of making their "complaints a sideshow in a piece of federal litigation," Doc. 15 at 2, "dancing around the relevant law," Doc. 15 at 2, engaging in "subliminal persuasion," Doc. 15 at 3, and "[c]asting blame on yet another player other than themselves," Doc. 15 at 4. These accusations are particularly unfounded in light of Plaintiff's thoughtful and well researched brief.

noticed of restrictions on this right.

Defendants also argue that because the administrative hearing officer has no jurisdiction over attorney's fees, he should not bear the responsibility for explaining to parents provisions relating to attorney's fees. This argument, however, misunderstands the type of "notice" required. It is not the duty of the hearing officer to shape the "procedural safeguards notice" that IDEA § 1415(d)(2) contemplates. The Procedural Safeguards Notice is issued by the Special Education Bureau of the PED. *See* Pl.'s Ex. B (Doc. 14-1 at 21). This is a form notice that is supposed to be given to parents upon initial referral or parental request for evaluation, the first occurrence of the filing of an administrative complaint, and upon request by a parent. On page 15 (Doc. 14-1 at 22), the form notices parents of the 30-day appeal limit to file a civil action, but is devoid of any definition of a "civil action" that would encompass requests for attorney's fees independent of an appeal of the substantive decision itself. *This* is where the statute requires the notice to be located, rather than (or in addition to) any decision issued by the hearing officer. *Cf.* Pl.'s Ex. C (Doc. 14-1 at 23) (decision of administrative hearing officer also notifying parents of 30-day limit to appeal).

The Court thus rejects Defendants' arguments and finds that Plaintiff is correct that he should have been noticed of the statute of limitations. The relief Plaintiff seeks – that the statute of limitations not be enforced against him in this lawsuit – is appropriately tailored to the violation. The District cannot successfully enforce this statute of limitations against a parent who was not noticed of it in contravention of federal law. The Court makes no findings as to the regulation's facial validity, but finds that the regulation is void as applied, and therefore that the regulation does not restrict this Court's subject matter jurisdiction over this case. Plaintiff's suit may go forward.

**THEREFORE, IT IS ORDERED** that Board of Education of the Española Public Schools' Motion to Dismiss Plaintiff's Complaint (Doc. 3) is DENIED.

_____
UNITED STATES DISTRICT JUDGE